**SULLIVAN & SULLIVAN, P.C.**
**Francis J. Sullivan, Esq.**
**Attorney for Defendants**
**ID No. 15911**
**403 Executive Drive**
**Langhorne, PA 19047**
**(215) 579-7700**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJAM SUPPLY CO. | : CIVIL ACTION |
| Plaintiff | : NO. 02-2890 |
| vs. | |
| BCT WALLS & CEILINGS, INC. and BERNARD C. TORDA, JR. | |
| Defendants | : |

MOTION OF DEFENDANTS, BCT WALLS & CEILINGS, INC.
AND BERNARD C. TORDA, JR. FOR A NEW TRIAL OR,
ALTERNATIVELY, FOR AN AMENDMENT OF THE COURT'S
FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

AND NOW COMES, Defendants BCT Walls & Ceilings, Inc. and Bernard C. Torda, Jr., by and through their counsel, Sullivan & Sullivan, and file the within Motion pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure seeking a new trial or, in the alternative, an amendment of the Findings of Fact, Conclusions of Law and Judgment as found by the Honorable Norma L. Shapiro, Senior Judge, in the Court's Memorandum and Order dated June 26, 2003, and in support thereof asserts the following:

1. The Trial Court found that a contract existed in this case when BCT Walls & Ceilings, Inc. ("BCT") requested a quote, Marjam Supply Co. ("Marjam") provided the quote and BCT accepted its terms upon BCT's request to Marjam to proceed.

2. In this case, BCT requested a price quotation for 18 guage studs with a 2 inch flange. Marjam provided a price quotation for the 18 gauge studs with the 2 inch flange and BCT accepted the quote upon its request to Marjam to provide the 18 gauge studs.

3. The Trial Court found that the 18 gauge studs actually delivered by Marjam did not have a 2 inch flange size but had a 1 5/8 inch flange.

4. All of the 18 gauge studs were used for construction in connection with the exterior walls of the Tohickon Middle School project.

5. The Trial Court's failure to provide any damages to Defendants arising out of Marjam's failure to supply 18 gauge studs with a 2 inch flange as required by the contract had between BCT and Marjam constitutes an error of law.

6. The Trial Court found that Defendant Bernard C. Torda, Jr. ("Torda") had executed a continuing guaranty of BCT's obligations to Marjam, which continuing guaranty provided for attorneys fees of 25% and interest on the amount owed at the rate of 2% per month.

7. The Trial Court found that Marjam was entitled to prejudgment interest dating from the time suit was filed ie. May 15, 2002.

8. The Trial Court found that as a matter of Pennsylvania law, pre-judgment interest was recoverable "if the breach consisted of failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value." Restatement (Second) of Contracts §354(1).

9. Given the Trial Court's finding that Defendants were entitled to a credit for the breach of the contract had between BCT and Marjam as it relates to the interior steel studs, and the failure of the Trial Court to assess damages for the breach of the contract by Marjam as it relates to the 18 gauge, 2 inch flange studs, the finding of the Trial Court that there was a "definite sum in money", due as of the date of the filing of the Complaint in this matter, constitutes an error in law.

10. Plaintiff has presented its case to the Trial Court as a simple collection case.

11. Plaintiff failed to present any evidence of the extent or the reasonable value of the services of counsel.

12. An entry of an award of counsel fees based on the percentage amount set forth in the continuing guaranty against Torda as well as the imposition of a 2% per month interest factor constitutes an error of law. <u>Consumer Times Credit, Inc. v. Remark Corp.</u>, 259 F.Supp. 135 (1966), affirmed at 377 F.2nd 553 (1967).

WHEREFORE, Defendants BCT Walls & Ceilings, Inc. and Bernard C. Torda, Jr. respectfully request this Honorable Court to order a new trial on the issue of damages payable to Defendants by Marjam Supply Co. and on the issue of counsel fees and interest payable to Marjam Supply Co. or, alternatively, to take additional testimony and amend its Findings of Facts, Conclusions of Law and Judgment or to make new Findings of Fact and Conclusions of Law and direct the entry of a new Judgment increasing the amount of damages owed to Defendant, BCT Walls & Ceilings, Inc. and reducing the amount of attorneys fees and interest payable to Marjam Supply Co.

    Respectfully submitted,
    SULLIVAN & SULLIVAN

BY:_____
    Francis J. Sullivan, Esq.
    Attorney for Defendants