IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARJAM SUPPLY CO.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **BCT WALLS & CEILINGS, INC.** | : | |
| **AND BERNARD C. TORDA, JR.** | : | NO. 02-CV-2890 |

### MEMORANDUM AND ORDER

**Norma L. Shapiro, S.J.**                                                    August 20, 2003

    Defendants BCT Walls & Ceilings, Inc. and Bernard C. Torda, Jr. move for a new trial or, alternatively, for an amendment of the court's findings of fact, conclusions of law and judgment, following a non-jury trial and subsequent Memorandum and Order dated June 26, 2003.

    A new trial is generally granted when "the verdict [was] against the clear weight of the evidence;... the trial was unfair; and... substantial errors were made in the admission or rejection of evidence..." Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa. 1992) (citing 11 C. Wright & Miller, Federal Practice and Procedure § 2805 (1971).  A motion for reconsideration will be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest

injustice. <u>Wiggins v. Boston Scientific Corp.</u>, 1999 WL 200672, at *2 (E.D. Pa. Apr. 8, 1999); <u>Haymond v. Lundy</u>, 2002 WL 7927 (E.D. Pa. Jan. 2, 2002) ("Motions for reconsideration are not to be used to reargue or relitigate matters already decided.").

This motion for a new trial will be denied because the verdict was not against the clear weight of the evidence and the trial was fair and without substantial errors. The motion for reconsideration will be denied because there has been no intervening change in controlling law; there is no new evidence which was not previously available that has become available; there is no necessity to correct a clear error of law, or any manifest injustice.

Defendants argue that it was an error of law not to award damages to BCT arising out of Marjam's failure to supply 18 gauge studs with a 2 inch flange as required by the contract.[1] The court found that there was no contract for 12 gauge, 3 inch flange studs, but did find there was a contract for 18 gauge, 2 inch flange studs. However, the court also found that Marjam was entitled to payment for all of the 1 5/8 inch flange material, although non-conforming, because BCT failed to reject it on delivery and used it in the project. <u>See</u> U.C.C. § 2-606 (a buyer

---

[1] The court found that the studs Marjam supplied for the exterior walls were 1 5/8 inch flange, instead of the 2 or 3 inch flange that BCT ordered.

accepts the goods if, after reasonable opportunity to inspect, the buyer signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity, or if the buyer fails to make an effective rejection).  It was not an error of law to refuse BCT damages arising out of the nonconformity of the 18 gauge, 2 inch flange studs, even though the court found there was a contract for such material.

Defendants also argue that since it was error not to assess damages for the breach of contract relating to the 18 gauge, 2 inch flange studs, it was also error to find there was a "definite sum in money" due on which prejudgment interest was recoverable. <u>See</u> Restatement (Second) of Contracts § 354(1) (prejudgment interest is recoverable "if the breach consisted of failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value").  Since it was not error to refuse to award damages to BCT for the failure to provide 18 gauge, 2 inch flange material, it was not error to conclude that there was a definite sum of money due on which prejudgment interest was recoverable.

Therefore, an order denying the motion for a new trial or, alternatively, for an amendment of the court's findings of fact, conclusions of law and judgment will be entered.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARJAM SUPPLY CO.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **BCT WALLS & CEILINGS, INC.** | : | |
| **AND BERNARD C. TORDA, JR.** | : | NO. 02-CV-2890 |

### ORDER

AND NOW, this ___ day of August, 2003, in accordance with the foregoing memorandum, it is **ORDERED** that:

1. Defendants' motion for a new trial or, alternatively, for an amendment of the court's findings of fact, conclusions of law and judgment (paper no. 31) is **DENIED**.

 

_____
Norma L. Shapiro, S.J.